UNITED STATES of America and Jack Aloff, Petitioners,

v.

Jay ASTER, Individually and Trading as Wingate Construction Company
and
National Surety Corporation
and
Crouse-Hinds Company.

Civ. No. 25207.

United States District Court
E. D. Pennsylvania.

May 11, 1959.

Jack Aloff, Philadelphia, Pa., in pro. per.

Claude O. Lanciano, Philadelphia, Pa., for petitioners.

John V. Lovitt, Philadelphia, Pa., for Nat'l Surety Corp.

F. Hastings Griffin, Jr., Philadelphia, Pa., for Crouse-Hinds Co.

Joseph H. Lieberman, Philadelphia, Pa., for Jay Aster.

HASTIE, Circuit Judge.

At issue here is a motion of the defendants to dismiss this qui tam action brought by Aloff, an informer, pursuant to the False Claims Act, 31 U.S.C.A. §§ 231, 232, charging the defendants with having made false and fraudulent claims against the United States in connection with the supplying and installing of certain materials under public contracts. The United States did not initiate this action and has not joined in it. Documentary evidence supporting the present motion includes a detailed eight page statement of the factual basis of the present claim which admittedly was submitted by Aloff to the Department of Justice several months before the present suit was filed. Thus, the present record shows and this court now finds that the essential information upon which the present suit is predicated was supplied to and was in the possession of the United States before this suit was filed.

The question of law to be decided is whether in these circumstances the present suit is barred by the provision of Section 232 of Title 31 that "[t]he court shall have no jurisdiction to proceed with any such suit * * * brought under this section whenever it shall be made to appear that such suit was based upon evidence * * * in the possession of the United States, * * * at the time such suit was brought * * *." On its face this language is comprehensive. It is broad enough to cover information obtained by the government from any source whatever. However, the movant argues that the sense and purpose of this statutory restriction dictate an implied exception of information supplied by the very informer who later brings the suit after the government has refused to do so.

This argument is predicated upon the assertion that the statutory language in question was enacted to correct the situation presented by the well known case of United States ex rel. Marcus v. Hess, 1943, 317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. 443, where an informer, using evidence collected by the government and obtained by him from public sources enriched himself by instituting and successfully contesting a qui tam action. But though this occurrence apparently was the stimulus which caused the executive branch of the national government to recommend that Congress enact remedial legislation, it does not follow that the amendatory provision either as proposed or as enacted was limited to this situation. Indeed, the history of this legislation, conveniently summarized in United States v. Pittman, 5 Cir., 1945, 151 F.2d 851, shows that the bill introduced upon recommendation of the Attorney General and actually passed by the House of Representatives provided for the total abolition of the informer's qui tam action as a remedy for false claims. However, the Senate approached the matter quite differently and completely rewrote the bill to allow an informer to sue if his action was predicated upon information original with him and if the Attorney General had declined to act after receiving that information. Neither house of Congress would accept the other's bill, so the matter went to conference where the present rather different form of the legislation was devised. Particularly noteworthy is the debate which ensued in the Senate where Senator Langer vigorously attacked the

conference compromise as practically abolishing the qui tam procedure and proposed resubmission of the matter to the conference committee with instructions that the Senate conferees insist that only the parasitical action of the relator who uses public information as the basis of his suit—the situation of United States ex rel. Marcus v. Hess—should be abolished. 89 Cong.Rec. 10746–51. However, the Senate rejected this motion and adopted the conference report. 89 Cong. Rec. 10752.

In these circumstances this court finds no justification for a reading of the statute as narrower than it appears on its face. Accordingly, Section 232 of Title 31 United States Code is construed as prohibiting any qui tam action based on information already in the possession of the United States, regardless of the source from which that information has come.

The motion to dismiss will be granted.